JUDGE HARDIN
delivered the opinion of the court.
The principal question to be decided on this appeal is whether the allegations of the indictment were sufficient to constitute the offense denounced by the act of March 2, 1860 (Myers’s Supplement, 517), which declares: “That hereafter *106 no person shall sell to any white person under the age of twenty-one years any spirituous or vinous liquors, or the mixture of either, unless by the written consent or request of the father of such minor, if living, or of the mother or guardian of such minor if the father be dead,” etc.
The only apparent defect in the indictment in this case is that it fails to allege that Dunn, the minor to whom the defendant is charged with selling liquors, was a white person. But this fact being an essential constituent of the offense as defined and intended to be punished by the statute, the indictment does not contain a sufficient “ statement of the facts constituting the offense,” as required by section 121 of the Criminal Code; and the court therefore rightly sustained the demurrer of the defendant and dismissed the indictment.
Wherefore the judgment is affirmed.